# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Dalton Khloe Beyer, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER DENY PLAINTIFF'S MOTION** |
| | ) | **TO COMPEL** |
| vs. | ) | |
| | ) | |
| James Sayler, Warden, in his individual capacity, Shaun Fode, Deputy Warden, in his individual capacity and Joseph Charvat, Chief of Security, in his individual capacity, | ) ) ) ) ) ) | Case No. 1:19-cv-281 |
| | ) | |
| Defendants. | ) | |

On April 9, 2020, plaintiff filed a "Motion for the Defendants to Answer Plaintiff's First of Interrogatories to Defendants."

Rule 26(d) of the Federal Rules of Civil Procedure provides that the parties may not seek discovery until they have conferred as required by Rule 26(f) for the purpose of developing a plan for discovery, among other things. In this case, the court did not require a Rule 26(f) conference given plaintiff's custodial status. Rather, the court directed each side to submit a scheduling/discovery plan by April 13, 2020. This deadline has yet to expire. Until the court issues its scheduling and discovery order, all discovery is stayed.

Once the court has issues its scheduling order, plaintiff should take heed of Rule 37 before filing motions to compel. Rule 37 of the Federal Rules of Civil Procedure requires the party moving for an order compelling disclosure or discovery to certify that he or she "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." See Fed. R. Civ. P. 37(a)(1). It further provides that a party seeking discovery may move for an order to

1

compel if the other party fails to make disclosures required by Rule 26(a), fails to answer interrogatories submitted under Rule 33, or otherwise fails to respond to any discovery requests. See Fed. R. Civ. P. 37(a)(3). The court will not typically involve itself in the discovery process unless a dispute arises between the parties that cannot be resolved without court intervention.

Momentarily setting aside the fact that plaintiff's motion is premature, it is noteworthy that plaintiff's motion is devoid of any certification that plaintiff has made attempt to confer with defendants. The motion also makes no mention of any effort undertaken by plaintiff to serve discovery requests upon defendants. The fact that plaintiff is proceeding pro se does not excuse compliance with the Federal Rules of Civil Procedure. See Burke v. N.D. Dep't of Corr. and Rehab., 371 Fed. App'x 713 (8th Cir. 2010) (citing Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986), for the proposition that pro se litigants are not excused from compliance with procedural law).

It is inappropriate for plaintiff to seek an order compelling production of discovery materials given the present posture of this case. And going forward, plaintiff should appreciate that it is also inappropriate to seek such an order without first serving the defendants with discovery requests and giving them an opportunity to respond. Defendants should have an opportunity to review plaintiff's discovery requests and either comply or raise objections. If, based on the defendants' responses to plaintiff's requests, there are issues that need to be resolved by this court, plaintiff can then file the appropriate motion.

Plaintiff's motion (Doc. No.28) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court