IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Dalton Khloe Beyer, | ) | |
| | ) | **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION TO DISMISS** |
| | ) | |
| vs. | ) | |
| | ) | |
| James Sayler, Warden, in his individual capacity, Shaun Fode, Deputy Warden, in his individual capacity and Joseph Charvat, Chief of Security, in his individual capacity, | ) ) ) ) ) ) | Case No. 1:19-cv-281 |
| | ) | |
| Defendants. | ) | |

On April 21, 2020, plaintiff filed a motion to voluntarily dismiss this case. Plaintiff's motion is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure and requires a court order because it was filed after defendants served their answer.

Voluntary dismissals under Rule 41(a)(2) are generally without prejudice unless such a dismissal would unfairly affect the defendants. See Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987) (noting the primary purpose of requiring a court order to approve a voluntary dismissal under Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side"); see also Odegaard v. Tervita, LLC, No. 4:13-cv-110, 2015 WL 11143070 at *1 (D.N.D. Feb. 20, 2015). The factors a court should consider before addressing a request for voluntary dismissal under Rule 41(a)(2) are:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998) (citing Paulucci, 826 F.2d at 783). The

possibility that defendants will face a subsequent lawsuit from the same plaintiff is not a sufficient reason to deny a plaintiff's request for a voluntary dismissal.  Wells Fargo Bank v. Horob, No. 4:08-cv-025, 2008 WL 4661486 at *1-2 (D.N.D. Oct. 20, 2008) (citing Paulucci, 826 F.2d at 782).

On April 24, 2020, defendants filed a response to plaintiff's motion.  They do not object to plaintiff's motion and the dismissal of this action without prejudice, conceding the motion was filed early enough in this case that the only potential prejudice they stand to suffer from a dismissal without prejudice is the possibility of a subsequent lawsuit.  They do, however, reserve the right to seek payment for costs they incurred in this action along with a stay of any subsequent action should plaintiff file a subsequent action based on or including the same claim against them.  See Fed. R. Civ. P. 41(d).

There being no opposition from defendants, the court **GRANTS** plaintiff's motion (Doc. No. 34) and **DISMISSES** the above-entitled action without prejudice.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court